**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MICHAEL EMBURY and
KENNETH and BONNIE MEALE,
*individually and on behalf of*
*all others similarly situated,*

      Plaintiffs,

v.

Case No.: 8:15 cv 969 T 27 EAJ

**CLASS REPRESENTATION**

**JURY TRIAL DEMANDED**

NORTHLAND GROUP, INC.,
LVNV FUNDING, LLC, PINNACLE
CREDIT SERVICES, LLC, and GALAXY
INTERNATIONAL PURCHASING, LLC.

      Defendants.

_____/

### CLASS ACTION COMPLAINT

    **COME NOW**, Plaintiffs, MICHAEL EMBURY (hereinafter, "Plaintiff Embury") and

KENNETH and BONNIE MEALE (hereinafter, "Plaintiff Kenneth Meale," "Plaintiff Bonnie

Meale" or collectively "Plaintiffs Meale"), (hereinafter collectively, "Plaintiffs"), by and through

undersigned counsel, and sue Defendants, NORTHLAND GROUP, INC. (hereinafter,

"Northland"), LVNV FUNDING, LLC (hereinafter, "LVNV"), PINNACLE CREDIT

SERVICES, LLC (hereinafter, "Pinnacle"), and GALAXY INTERNATIONAL PURCHASING,

LLC (hereinafter, "Galaxy") (hereinafter collectively, "Defendants"), and allege:

### PRELIMINARY STATEMENT

    1.    This is a class action brought against Defendants for their systematic violations of

the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692, *et seq.* (hereinafter, "FDCPA")

and the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes ("FCCPA").

NGA-29773
$400

Plaintiffs bring this case on behalf of themselves individually and on behalf of Classes, as hereinafter defined, of all others similarly situated.

2.     Specifically, Defendants routinely and systematically violate the FDCPA and the FCCPA by attempting to collect otherwise time-barred consumer debts from Class Members, including Plaintiffs, through the use of a series of form debt collection letters (hereinafter, "Form Letters"). A true and correct copy of the Form Letters sent by each Defendant to Plaintiffs are attached hereto as **Composite Exhibit A and Exhibits B through D.** These Form Letters:

    a. Use false, deceptive and misleading representations to collect debts from Plaintiffs and Class Members, namely attempting to collect or "settle" time-barred debts that have expired statutes of limitation;

    b. Collect Debts from Plaintiffs and Class Members using unfair and unconscionable means, attempting to collect the debts when the debts are beyond the statute of limitations; Defendants fail to disclose this fact yet attempt to nonetheless collect or "settle" the time-barred debts;

    c. improperly and illegally uses false, deceptive, or misleading representations or means to collect Debts in violation of the FDCPA, Sections 1692e, 1692e(2)A, 1692e(10), and 1692f, and the FCCPA, Section 559.72(9);

    d. harasses or abuses Plaintiffs and Class Members in violation of the FDPCA, Section 1692d and the FCCPA, Section 559.72(7);

    e. attempt to enforce debts that Defendants know are not legitimate; specifically, by offering settlement of a time-barred debt, Defendants' actions are undertaken in violation of the FCCPA, Section 559.72(9); and

f. assert the existence of a right that Defendants know does not exist; namely, by failing to disclose that the debts that they attempting to collect or "settle" are time-barred, Defendants' assertions are made in violation of the FCCPA, Section 559.72(9).

## PARTIES, JURISDICTION & VENUE

3. Plaintiff Embury is a resident of Hillsborough County, Florida.

4. Plaintiffs Meale are each residents of Pinellas County, Florida.

5. Northland is a Minnesota corporation with its principal place of business located at 7831 Glenroy Road, Suite 250, Edina, Minnesota 55439. Northland regularly conducts business in the state of Florida and also within this Judicial District.

6. Northland is engaged in the business of collecting consumer debts using mail and telephone, and Northland regularly attempts to collect debts alleged to be due to another and incurred for personal, family or household purposes.

7. LVNV is a Delaware limited liability company with its principal place of business located at 625 Pilot Road, Suite 3, Las Vegas, Nevada, 89119. LVNV regularly conducts business in the state of Florida and also within this Judicial District.

8. LVNV is engaged in the business of purchasing defaulted debts originally owed to others and incurred for personal, family or household purposes.

9. Pinnacle is a Minnesota limited liability company with its principal place of business located at 7900 Highway 7, Suite 200, Minneapolis, Minnesota, 55426. Pinnacle regularly conducts business in the state of Florida and also within this Judicial District.

10. Pinnacle is engaged in the business of purchasing defaulted debts originally owed to others and incurred for personal, family or household purposes.

3

11.     Galaxy is a Nevada limited liability company with its principal place of business located at 4730 South Fort Apache Road, Suite 300, Las Vegas, Nevada, 89147.   Galaxy regularly conducts business in the state of Florida and also within this Judicial District.

12.     Galaxy is engaged in the business of purchasing defaulted debts originally owed to others and incurred for personal, family or household purposes.

13.     LVNV, Pinnacle, and Galaxy are each a debt buyer, purchasing portfolios of defaulted consumer debt owned by credit grantors, including banks and finance companies, and from other debt buyers, and then outsourcing the management and collection of such purchased assets to Northland.

14.     The present complaint alleges Defendants violated the FDCPA thereby conferring subject matter jurisdiction on this Court pursuant to 15 United States Code, Section 1692k(d) and 28 United States Code, Section 1332.  Supplemental jurisdiction exists for the FCCPA claims pursuant to 28 United State Code, Section 1367.  Declaratory relief is available pursuant to 28 United States Code, Sections 2201 and 2202.

15.     This Court has personal jurisdiction over each Defendant because each Defendant operates, conducts, engages in, or carries on business in the state of Florida.  In addition, this Court has personal jurisdiction over each Defendant because each Defendant conducts substantial, and not isolated, activity within the state of Florida and because each Defendant has intentionally availed itself of the laws of the state of Florida.

## FACTUAL ALLEGATIONS

16.     At all material times herein, Plaintiffs are each a "debtor" or "consumer" as defined by 15 United States Code, Section 1692a(3) and Florida Statutes, Section 559.55(2).

17.     At all material times herein, Defendants are each a "debt collector" as defined by 15 United States Code, Section 1692a(6) and Florida Statutes, Section 559.55(6). *See Crawford v. LVNV Funding, LLC,* 758 F.3d 1254, 1258 (finding that buyers of defaulted debts are unequivocally debt collectors under the FDCPA.)

18.     Defendants used interstate mail while engaging in a business the principal purpose of which is the collection of debts allegedly due another.

### Form Letters From Defendants Northland and LVNV to Plaintiff Embury

19.     On or about April 23, 2014, May 28, 2014, and June 28, 2014, Defendants Northland and LVNV sent Plaintiff Embury Form Letters in an attempt to collect a consumer debt. Attached hereto as **Composite Exhibit A** are true and correct copies of these Form Letters.

20.     Each of the Form Letters sent by Defendants Northland and LVNV to Plaintiff Embury were an attempt by those Defendants to collect a debt from the Plaintiff Embury and his disposable income, specifically a balance allegedly due for purchases on a FIA Card Services, N.A. consumer credit card identified by an account number ending in –6318 (herein, the "FIA Card Services Debt").

21.     Plaintiff Embury originally incurred the FIA Card Services Debt for personal, family or household purposes.

22.     Prior to Defendants Northland and LVNV attempting to collect the FIA Card Services Debt, Defendant LVNV purchased the FIA Card Services Debt from the original creditor, a debt buyer, or some third party entity. At the time Defendant LVNV purchased the FIA Card Services Debt, the FIA Card Services Debt was already in default.

23.   At the time Defendants Northland and LVNV sent Form Letters to Plaintiff Embury in an attempt to collect or "settle" the FIA Card Services Debt, the applicable statute of limitations on the FIA Card Services Debt had expired.

24.   At the time Defendants Northland and LVNV sent Form Letters to Plaintiff Embury in an attempt to collect or "settle" the FIA Card Services Debt, Defendants each knew that the applicable statute of limitations on the FIA Card Services Debt had expired.

25.   Defendants Northland and LVNV did not include in any of the Form Letters they sent to Plaintiff Embury the date of the transactions giving rise to the FIA Card Services Debt.

26.   Defendants Northland and LVNV did not disclose in any of the Form Letters they sent to Plaintiff Embury that collection of the FIA Card Services Debt was barred from lawful collection through the Florida courts by the applicable statute of limitations.

27.   Instead, Defendants Northland and LVNV included language in the Form Letters sent to Plaintiff Embury that implied the FIA Card Services Debt was legally enforceable.

28.   Defendants Northland and LVNV offered to "settle" the FIA Card Services Debt in the Form Letters they sent to Plaintiff Embury for much less than the amount claimed to be originally owed in an effort to persuade Plaintiff Embury to pay all or a part of the FIA Card Services Debt that was not otherwise legally enforceable.

29.   Defendants Northland and LVNV offered to "settle" the FIA Card Services Debt in the Form Letters they sent to Plaintiff Embury for much less than the amount claimed to be originally owed in the hopes that by paying some or all of the FIA Card Services Debt, Plaintiff Embury would thereby resuscitate the statute of limitations on the FIA Card Services Debt and again permit Defendants' lawful, legal enforcement of the FIA Card Services Debt.

6

30.     Indeed, it is Defendant Northland's and LVNV's policy and practice to send Form Letters seeking to collect time-barred debts without informing the underlying debtors of the date of the transactions giving rise to the claimed debt, of the fact that legal enforcement of the debts was barred by the applicable statute of limitations, or of the legal effect that making partial payment on the Debt (i.e., taking advantage of Defendant Northland's and LVNV's "offer" to "settle" a portion of the FIA Card Services Debt) would have on the applicable statute of limitations.

### Form Letters From Defendants Northland and LVNV to Plaintiff Kenneth Meale

31.     On or about May 27, 2014, Defendants Northland and LVNV sent Plaintiff Kenneth Meale a Form Letter in an attempt to collect a consumer debt. Attached hereto as **Exhibit B** is a true and correct copy of this Form Letter.

32.     The Form Letter sent by Defendants Northland and LVNV to Plaintiff Kenneth Meale on or about May 27, 2014, was an attempt by those Defendants to collect a debt from Plaintiff Kenneth Meale and his disposable income, specifically a balance allegedly due for purchases associated with a Springleaf Financial Services, Inc. account ending in -3602 (herein, the "Springleaf Debt").

33.     Plaintiff Kenneth Meale originally incurred the Springleaf Debt for personal, family or household purposes.

34.     Upon information and belief, Defendants Northland and LVNV also sent Plaintiff Kenneth Meale other Form Letters in substantially the same form as those attached as Exhibit B regarding the Springleaf Debt.

35.     Prior to Defendants Northland and LVNV attempting to collect the Springleaf Debt, Defendant LVNV purchased the Springleaf Debt from the original creditor, a debt buyer,

or some third party entity.  At the time Defendant LVNV purchased the Springleaf Debt, the Springleaf Debt was already in default.

36.    At the time Defendants Northland and LVNV sent Form Letters to Plaintiff Kenneth Meale in an attempt to collect or "settle" the Springleaf Debt, the applicable statute of limitations on the Springleaf Debt had expired.

37.    At the time Defendants Northland and LVNV sent Form Letters to Plaintiff Kenneth Meale in an attempt to collect or "settle" the Springleaf Debt, Defendants each knew that the applicable statute of limitations on the Springleaf Debt had expired.

38.    Defendants Northland and LVNV did not include in any of the Form Letters they sent to Plaintiff Kenneth Meale the date of the transactions giving rise to the Springleaf Debt.

39.    Defendants Northland and LVNV did not disclose in any of the Form Letters they sent to Plaintiff Kenneth Meale that collection of the Springleaf Debt was barred from lawful collection through the Florida courts by the applicable statute of limitations.

40.    Instead, Defendants Northland and LVNV included language in the Form Letters sent to Plaintiff Kenneth Meale that implied the Springleaf Debt was legally enforceable.

41.    Defendants Northland and LVNV offered to "settle" the Springleaf Debt in the Form Letters they sent to Plaintiff Kenneth Meale for much less than the amount claimed to be originally owed in an effort to persuade Plaintiff Kenneth Meale to pay all or a part of the Springleaf Debt that was not otherwise legally enforceable.

42.    Defendants Northland and LVNV offered to "settle" the Springleaf Debt in the Form Letters they sent to Plaintiff Kenneth Meale for much less than the amount claimed to be originally owed in the hopes that by paying some or all of the Springleaf Debt, Plaintiff Kenneth

Meale would thereby resuscitate the statute of limitations on the Springleaf Debt and again permit Defendants' lawful, legal enforcement of the Springleaf Debt.

43.     Indeed, it is Defendant Northland's and LVNV's policy and practice to send Form Letters seeking to collect time-barred debts without informing the underlying debtors of the date of the transactions giving rise to the claimed debt, of the fact that legal enforcement of the debts was barred by the applicable statute of limitations, or of the legal effect that making partial payment on the Debt (i.e., taking advantage of Defendant Northland's and LVNV's "offer" to "settle" a portion of the Springleaf Debt) would have on the applicable statute of limitations.

### *Form Letters From Defendants Northland and Galaxy to Plaintiff Kenneth Meale*

44.     On or about June 19, 2014, Defendants Northland and Galaxy sent Plaintiff Kenneth Meale a Form Letter in an attempt to collect a consumer debt.   Attached hereto as **Exhibit C** is a true and correct copy of this Form Letter.

45.     The Form Letter sent by Defendants Northland and Galaxy to Plaintiff Kenneth Meale on or about June 19, 2014, was an attempt by those Defendants to collect a debt from Plaintiff Kenneth Meale and his disposable income, specifically a balance allegedly due for purchases associated with a Washington Mutual Bank credit card account ending in -6552 (herein, the "Washington Mutual Debt").

46.     Upon information and belief, Defendants Northland and Galaxy also sent Plaintiff Kenneth Meale other Form Letters in substantially the same form as those attached as Exhibit C regarding Plaintiff Kenneth Meale's Washington Mutual Debt.

47.     Prior to Defendants Northland and Galaxy attempting to collect the Washington Mutual Debt, Defendant Galaxy purchased the Washington Mutual Debt from the original

creditor, a debt buyer, or some third party entity. At the time Defendant Galaxy purchased the Washington Mutual Debt, the Washington Mutual Debt was already in default.

48.     At the time Defendants Northland and Galaxy sent Form Letters to Plaintiff Kenneth Meale in an attempt to collect or "settle" the Washington Mutual Debt, the applicable statute of limitations on the Washington Mutual Debt had expired.

49.     At the time Defendants Northland and Galaxy sent Form Letters to Plaintiff Kenneth Meale in an attempt to collect or "settle" the Washington Mutual Debt, Defendants each knew that the applicable statute of limitations on the Washington Mutual Debt had expired.

50.     Defendants Northland and Galaxy did not include in any of the Form Letters they sent to Plaintiff Kenneth Meale the date of the transactions giving rise to the Washington Mutual Debt.

51.     Defendants Northland and Galaxy did not disclose in any of the Form Letters they sent to Plaintiff Kenneth Meale that the collection of the Washington Mutual Debt was barred from lawful collection through the Florida courts by the applicable statute of limitations.

52.     Instead, Defendants Northland and Galaxy included language in the Form Letters sent to Plaintiff Kenneth Meale that implied the Washington Mutual Debt was legally enforceable.

53.     Defendants Northland and Galaxy offered to settle the Washington Mutual Debt in the Form Letters they sent to Plaintiff Kenneth Meale for much less than the amount claimed to be originally owed in an effort to persuade Plaintiff Kenneth Meale to pay all or a part of the Washington Mutual Debt that was not otherwise legally enforceable.

54.     Defendants Northland and Galaxy offered to "settle" the Washington Mutual Debt in the Form Letters they sent to Plaintiff Kenneth Meale for much less than the amount claimed

to be originally owed in the hopes that by paying some or all of the Washington Mutual Debt, Plaintiff Kenneth Meale would thereby resuscitate the statute of limitations on the Washington Mutual Debt and again permit Defendants' lawful, legal enforcement of the Washington Mutual Debt.

55. Indeed, it is Defendant Northland's and Galaxy's policy and practice to send Form Letters seeking to collect time-barred debts without informing the underlying debtors of the date of the transactions giving rise to the claimed debt, of the fact that legal enforcement of the debts was barred by the applicable statutes of limitations, or of the legal effect that making partial payment on the debt (i.e., taking advantage of Defendant Northland's and Galaxy's "offer" to "settle" a portion of the Washington Mutual Debt) would have on the applicable statute of limitations.

*Form Letters From Defendants Northland and Pinnacle to Plaintiff Bonnie Meale*

56. On or about June 2, 2014, Defendants Northland and Pinnacle sent Plaintiff Bonnie Meale a Form Letter in an attempt to collect a consumer debt. Attached hereto as **Exhibit D** is a true and correct copy of this Form Letter

57. The Form Letter sent by Defendants Northland and Pinnacle to Plaintiff Bonnie Meale on or about June 2, 2014, was an attempt by those Defendants to collect a debt from Plaintiff Bonnie Meale and her disposable income, specifically a balance allegedly due for purchases associated with a Verizon Wireless cell phone account ending in -0001 (herein, the "Verizon Debt").

58. Upon information and belief, Defendants Northland and Pinnacle also sent Plaintiff Bonnie Meale other Form Letters in substantially the same form as those attached as Exhibit D regarding the Verizon Debt.

59.     Prior to Defendants Northland and Pinnacle attempting to collect the Verizon Debt, Defendant Pinnacle purchased the Verizon Debt from the original creditor, a debt buyer, or some third party entity.   At the time Defendant Pinnacle purchased the Verizon Debt, the Verizon Debt was already in default.

60.     At the time Defendants Northland and Pinnacle sent Form Letters to Plaintiff Bonnie Meale in an attempt to collect or "settle" the Verizon Debt, the applicable statute of limitations on the Verizon Debt had expired.

61.     At the time Defendants Northland and Pinnacle sent Form Letters to Plaintiff Bonnie Meale in an attempt to collect or "settle" the Verizon Debt, Defendants each knew that the applicable statute of limitations on the Verizon Debt had expired.

62.     Defendants Northland and Pinnacle did not include in any of the Form Letters they sent to Plaintiff Bonnie Meale the date of the transactions giving rise to Verizon Debt.

63.     Defendants Northland and Pinnacle did not disclose in any of the Form Letters they sent to Plaintiff Bonnie Meale that collection of the Verizon Debt through the Florida courts was barred by the applicable statute of limitations.

64.     Instead, Defendants Northland and Pinnacle included language in the Form Letters sent to Plaintiff Bonnie Meale that implied the Verizon Debt was legally enforceable.

65.     Defendants Northland and Pinnacle offered to settle the Verizon Debt in the Form Letters they sent to Plaintiff Bonnie Meale for much less than the amount claimed to be originally owed in an effort to persuade Plaintiff Bonnie Meale to pay all or a part of the Verizon Debt that was not otherwise legally enforceable.

66.     Defendants Northland and Pinnacle offered to "settle" the Verizon Debt in the Form Letters they sent to Plaintiff Bonnie Meale for much less than the amount claimed to be

originally owed in the hopes that by paying some or all of the Verizon Debt, Plaintiff Bonnie Meale would thereby resuscitate the statute of limitations on the Verizon Debt and again permit Defendants' lawful, legal enforcement of the Verizon Debt.

67.    Indeed, it is Defendant Northland's and Pinnacle's policy and practice to send Form Letters seeking to collect time-barred debts without informing the underlying debtors of the date of the transactions giving rise to the claimed debt, of the fact that legal enforcement of the debts was barred by the applicable statute of limitations, or explaining the legal effect that making partial payment on the debt (i.e., taking advantage of Defendant Northland's and Pinnacle's "offer" to "settle" a portion of the Verizon Debt) would have on its statute of limitations.

***Defendants' Form Letters Deceive Consumers***

68.    The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court for that debt." *See* http://www.ftc.gov/opa/2012/01/asset.shtm (website last viewed April 22, 2015).

69.    In fact, in a case styled *United States of America (for the Federal Trade Commission) v. Asset Acceptance, LLC*, Case No. 8:12-cv-182-T-27EAJ (M.D. Florida), the FTC entered into a consent decree with an unrelated debt collector, Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations.

70.    Indeed, other debt collectors who collect time-barred consumer debts via letter routinely provide notice to the debtors that the debt is time barred (i.e., beyond the applicable

13

statute of limitations) and that, because of the age of the debt, the current creditor will not sue the debtor for the debt.  Please see attached a true and correct copy of another debt collector's debt collection letter attempting to collect time-barred debt, labeled as **Exhibit E**.

71.     Defendants purposefully and consciously fail to include information regarding the age of the Debt or state that Defendants will not sue the debtor for the debt so as to gain a competitive advantage over other debt collectors in the marketplace who appropriately provide debtors notice that the debt they are collecting is time-barred and that they will not take certain actions, such as filing a lawsuit to collect the debt.

72.     Each of Defendants' Form Letters misled Plaintiffs and Class Members, as that term is defined below, as to the legal status of the debts Defendants were seeking to collect or "settle."

73.     Defendants continue to attempt to collect the debts directly from Plaintiffs in violation of the FCCPA and the FDCPA.

74.     Defendants' conduct, as described above, is a knowing, willful, and continuing violation of Plaintiffs' rights, as enumerated under federal and state law.

75.     Given Defendants' conduct and their apparent intention and ability to continue to collect the debts directly from Plaintiffs in violation of said debt collection laws, Plaintiffs have no adequate remedy at law.

76.     Plaintiffs have retained the law firm of Leavengood, Dauval, Boyle & Meyer, P.A. as counsel for the purpose of pursuing this matter against Defendants and are obligated to pay their attorneys a reasonable fee for their services.

77.     Title 15, United States Code, Section 1692k provides for an award of up to $1,000.00 in statutory damages, and an award of attorneys' fees and costs to Plaintiffs should

Plaintiffs prevail in this matter in this action against Defendants.

78.     Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages, actual damages, and an award of attorneys' fees and costs to the Plaintiffs, should the Plaintiffs prevail in this matter against the Defendants.

79.     Any and all necessary conditions precedent to the bringing of this action have either occurred or have been waived or excused by Defendants.

## CLASS ACTION ALLEGATIONS

80.     Pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2), and 23(b)(3), Plaintiffs bring this class action on behalf of themselves and all others similarly situated who are members of one or both of the following classes defined as:

*FDCPA Form Letter Class*

All consumer debtors from whom Defendants sent, in connection with the collection of a debt, or in an attempt to collect a debt, a form letter in substantially the same form as any of the Form Letters attached as Composite Exhibit A, and Exhibits B through D to the Complaint, to an address in Florida, for the purpose of settling a consumer debt beyond the applicable statute of limitations for such debt, in violation of the FDCPA where such improper collection activity took place or is continuing to take place within a one-year period of time prior to the filing of this Complaint and up through the present date (hereinafter, "FDCPA Form Letter Classes" or "FDCPA Form Letter Class Members").

*FCCPA Form Letter Class*

All consumer debtors from whom Defendants sent, in connection with the collection of a debt, or in an attempt to collect a debt, a form letter in substantially the same form as any of the Form Letters attached as Composite Exhibit A, and Exhibits B through D to the Complaint, to an address in Florida, for the purpose of settling a consumer debt beyond the applicable statute of limitations for such debt, in violation of the FCCPA where such improper collection activity took place or is continuing to take place within a two-year period of time prior to the filing of this Complaint and up through the present date (hereinafter, "FCCPA

Form Letter Classes" or "FCCPA Form Letter Class Members").

*FDCPA Actual Damages Sub-Class*

All persons who are members of the FDCPA Form Letter Class who, by virtue of Defendants' improper conduct in collecting or attempting to collect time barred debts, incurred actual damages, either through paying the debt or any portion of the debt, or who incurred attorneys' fees or costs in responding to Defendants' Form Letters regarding the debts, (i.e., actual damages) within a one-year period of time prior to the filing of this Complaint and up through the present (hereinafter, "Actual Damages FDCPA Sub-Class" or "FDCPA Actual Damages Sub-Class Members").

*FCCPA Actual Damages FCCPA Sub-Class*

All persons who are members of the FCCPA Form Letter Class, but not the FDCPA Actual Damages Sub-Class, who by virtue of Defendants' improper conduct in collecting or attempting to collect time barred debts, incurred actual damages, either through paying the debt or any portion of the debt, or who incurred attorneys' fees or costs in responding to Defendants' Form Letters regarding the debts, (i.e., actual damages) within a two-year period of time prior to the filing of this Complaint and up through the present (hereinafter, "FCCPA Actual Damages Sub-Class" or "FCCPA Actual Damages Sub-Class Members").

Excluded from the FDCPA and FCCPA Form Letter Classes and the FDCPA and FCCPA Actual Damages Sub-Classes (collectively "Classes" or "Class Members") are all directors, officers, agents, and employees of Defendants and the courts to which this case may be assigned. Also excluded from the Classes are the Judge, members of the Judge's staff, and the Judge's immediate family members.

81.     The FDCPA Form Letter Class Members, the FCCPA Form Letter Class Members, the FDCPA Actual Damages Sub-Class Members and the FCCPA Actual Damages Sub-Class Members at times herein shall collectively be referred to as "Class Members" or "Classes."

82.     All recipients of the Form Letters, namely Plaintiffs and Class Members, are

16

victims of the same improper conduct and unlawful demands of Defendants.

83.     The number of potential Class Members is undetermined at this time, but can readily be determined from Defendants' books and records as well as the public record. Plaintiffs believe the Classes most likely have thousands of members.

84.     Defendants' Form Letters:

    a.     harass, oppress, or abuse Plaintiffs and Class Members by (i) collecting debts that are time-barred, without disclosing such information, (ii) leading the letter recipients to believe the debts are legally enforceable and capable of legal "settlement" in Florida courts, and (iii) failing to advise Plaintiffs and Class Members what partial debt payment or "settlement" will do to the debt's statute of limitations;

    b.     are false, deceptive, and misleading representations and means in the collection of Plaintiffs' and Class Members' respective debts by offering "settlement" on a debt that is beyond the applicable statute of limitations for the debts; and

    c.     are unfair or unconscionable means of collecting Plaintiffs' and Class Members' respective debts by collecting debts that are beyond the applicable statute of limitations for the debt.

85.     This action is properly brought as a class action under Rule 23, Federal Rules of Civil Procedure, for the following reasons:

    a.     Each Class consists of likely thousands of persons, so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

    b.     There are questions of law and fact common to all Class Members relating

to Defendants' actions relative to the Form Letters, which questions predominate over any question affecting only individual Class Members, including:

i. Whether the Defendants, through the use of the Form Letters, engaged in conduct the natural consequence is to harass, oppress, or abuse Plaintiffs and Class Members in their offers to "settle" the otherwise time-barred debts;

ii. Whether Defendants used false, deceptive, or misleading means or representations in its collection of the debts from Plaintiffs and Class Members;

iii. Whether Defendants used unfair or unconscionable means in its collection of the Debt from Plaintiffs and Class Members;

iv. Whether Plaintiffs' and Class Members' Debts were beyond the applicable statute of limitations when Defendants or any of them filed a proofs of claim in Plaintiffs' or Class Members' bankruptcy proceedings in an attempt to collect the debts from Plaintiffs and Class Members;

v. Whether Plaintiffs and Class Members are entitled to statutory damages as a result of Defendants' unlawful debts collection practices described herein and in what amount;

vi. Whether Plaintiffs and Class Members are entitled to actual damages as a result of Defendants' unlawful debt collection practices described herein and in what amount;

vii. Whether Plaintiffs and Class Members are entitled to costs and attorneys' fees in bringing this action, and if so, in what amount; and

> viii.    Whether Plaintiffs and Class Members are entitled to declaratory
> and injunctive relief.

86.    Defendants have acted, or have refused to act, on grounds generally applicable to Class Members in that they have engaged in a routine and systematic course of conduct, namely the utilization of Form Letters which abuse, oppress or harass financially strapped debtors, use of false and deceptive means in collecting debts and, use of unfair or unconscionable representations or means to attempt to collect or "settle" time-barred debts from Plaintiffs and Class Members.

87.    Declaratory relief is appropriate with respect to the Class Members as a whole as a result of Defendants' routine and systematic course of conduct.

88.    Injunctive relief is appropriate with respect to Class Members who received the Form Letters in violations of the FCCPA as a result of Defendants' apparent and present intention and ability to continue to use the Form Letters to collect or "settle" time-barred debts in the state of Florida.

89.    Plaintiffs' claims are typical of the claims of the proposed Class Members, given the uniform nature and use of Form Letters and the common legal and factual issues of whether sending Form Letters to Plaintiffs and Class Members in an attempt to collect time-barred debts violates the FDCPA or FCCPA.

90.    More specifically, Defendants' Form Letters can be analyzed to assess whether Defendants (a) engaged in conduct the natural consequence of which is to harass, oppress or abuse debtors, (b) made and false or misleading representations generally or made any false or misleading representations specifically regarding the amount or legal status of debts by sending the Form Letters in an attempt to collect debts beyond the applicable statute of limitations for the

debts, (c) used false and deceptive means to collect the debts by sending the Form Letters in an attempt to collect debts beyond the applicable statute of limitations for the debts, or (d) attempted to collect debts from Plaintiffs and Class Members in an unfair and unconscionable manner by sending deceptive Form Letters in an attempt to collect debts beyond the applicable statute of limitations for the debt, in violation of Plaintiffs' and Class Members' rights under the FDCPA.

91.     Similarly, Defendants' Form Letters can be analyzed to assess whether Defendants have harassed Plaintiffs and Class Members by sending the Form Letters in an attempt to collect debts beyond the applicable statute of limitations for the debts or attempted to enforce an illegitimate debt or falsely asserted a legal right by sending the Form Letters in an attempt to collect debts beyond the applicable statute of limitations for the debts, in violation of Plaintiffs' and Class Members' rights under the FCCPA.

92.     Plaintiffs are members of the Classes and are committed to prosecuting this action.  Plaintiffs have gathered and reviewed all relevant documents necessary for filing this case and will continue to proactively participate in this class litigation and committed to thoroughly reviewing documents, asking questions and following the counsel of their lawyers for the benefit of the Classes they seeks to represent.  Plaintiffs will fairly and adequately protect the interests of Class Members.

93.     Adjudication of this case on a class-wide basis is manageable by this Court.  The Form Letters were received by the Plaintiffs and Class Members throughout the state of Florida. The Form Letters, and Plaintiffs' and Class Members' rights as they relate to the Form Letters, are the same or are so similar as to be legally and factually indistinguishable in all material aspects.  As a result, it will not be difficult for the Court or jury to determine whether Defendant has violated the FDCPA.  This Court is an appropriate forum for this dispute.

94.     Plaintiffs have retained as counsel attorneys that are competent and experienced in consumer, class action, and complex litigation.  More specifically, Plaintiffs have retained a firm with attorneys having specific experience in certifying class actions at the trial court level, defending certified classes on appeal, and assisting class representatives with all aspects of class action litigation as well as significant experience in handling bankruptcy matters, including one member who is board certified in consumer bankruptcy law.  Plaintiffs' and Class Members' counsel will fairly and adequately represent Plaintiffs and the interests of the Class Members.

95.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

a.     given the size of the proposed Classes, individual joinder of each Class Member's FDCPA and FCCPA claims is impracticable;

b.     given the relatively small damages—both statutory and actual—suffered by individual Class Members, as well as the unlikelihood that many Class Members will know their federal and state rights have been violated, most Class Members have little ability to prosecute an individual action due to the complexity of issues involved in this litigation and the significant costs attendant to litigation on this scale;

c.     when Defendants' liability has been adjudicated, claims of all Class Members can be determined by the Court;

d.     this action will cause an orderly and expeditious administration of Class Members' claims, and economies of time, effort and expense will be fostered and uniformity of decisions will be ensured;

e.     other available means of adjudicating the claims of Plaintiffs and Class Members—likely thousands of individual actions brought separately and pursued

21

independently in courts throughout the state of Florida—are impracticable and inefficient;

       f.     without a class action, Class Members will continue to suffer damages and Defendants' violations of law will proceed without remedy while they continue their unlawful debt collection activities; and

       g.     this action presents no difficulties that would preclude management by the Court as a class action.

96.     This action is properly brought as a class action under Rule 23 for the following reasons:

       a.     The Classes each consist of hundreds or possibly thousands of persons, making the members of each Class so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

       b.     There are questions of law and fact common to the members of the Classes, which questions predominate over any question affecting only individual members of the Classes. The predominant questions of law and fact include:

       i.     Whether Defendants violated the FDCPA when they used false representations and deceptive means in the Form Letters, as further discussed above, in an effort to collect time-barred debts from Plaintiffs and Class Members in violation of 15 U.S.C. § 1692e, e(2)(A) and e(10).

       ii.     Whether Defendants' use of the Form Letters is an unfair or unconscionable means of attempting to collect debts in violation of 15 U.S.C. § 1692f;

iii.      Whether Defendants' Form Letters are abusive, harassing or oppressive in violation of Section 559.72(7), Florida Statutes and 15 U.S.C. § 1692d.

iv.      Whether Defendants' Form Letters attempt to collect, in part, illegitimate debts in violation of Section 559.72(9), Florida Statutes;

v.      Whether Defendants' Form Letters assert the existence of legal rights that Defendants knew did not exist in violation of Section 559.72(9), Florida Statutes;

vi.      Whether Plaintiffs and Class Members are entitled to statutory damages as a result of Defendants' unlawful debt collection practices described herein and in what amount;

vii.      Whether Plaintiffs and Class Members are entitled to actual damages as a result of Defendants' unlawful debt collection practices described herein and in what amount;

viii.      Whether Plaintiffs and Class Members are entitled to declaratory and injunctive relief pursuant to the FCCPA; and,

ix.      Whether Plaintiffs and Class Members are entitled to costs and attorneys' fees, and if so, in what amount.

97.    Defendants have acted or refused to act on grounds generally applicable to the Classes as a whole in that they have engaged in a routine and systematic course of conduct in attempting to collect or actually collecting time barred debts through the use of Form Letters.

98.    Plaintiffs' claims are typical of the claims of members of the proposed Classes as all claims are based on the same factual and legal theories.

99.     Plaintiffs will fairly and adequately protect the interests of Class Members and Plaintiffs have no conflicts with the other members of the Classes.

100.    Plaintiffs have retained as counsel attorneys that are experienced in consumer, class action and complex litigation.

101.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

a.      Given the size of the proposed Classes, individual joinder of each Class Members' claims are impracticable;

b.      Class Members are likely to be unaware of their rights;

c.      Given the relatively small damages suffered by individual Class Members, as well as the unlikelihood that many Class Members will know their rights have been violated, most Class Members have little ability to prosecute an individual action due to the complexity of issues involved in this litigation and the significant costs attendant to litigation on this scale;

d.      When the liability of Defendants have been adjudicated, claims of all Class Members can be determined by the Court;

e.      This action will cause an orderly and expeditious administration of the Class Members' claims, and economies of time, effort and expense will be fostered and uniformity of decisions will be insured;

f.      Other available means of adjudicating the claims of Plaintiff, Class Members–such as hundreds or thousands of individual actions brought separately and pursued independently in courts throughout the state–are impracticable and inefficient; and

24

g.     This action presents no difficulties that would preclude management by the Court as a class action.

102.    United States Code, Title 15, Section 1692k(a)(2)(A) provides for the award of up to $1,000.00 statutory damages for the named Plaintiffs, actual damages, and in the case of a class action, such amount as the court may allow for all other members of the Classes, without regard to a minimum individual recovery, not to exceed the lesser of $500,000.00 or 1 per centum of the net worth of the debt collector, and an award of attorneys' fees and costs to the Plaintiffs should the Plaintiffs prevail in this matter against Defendants.

103.    Florida Statutes, Section 559.77(2) provides for the award of up to $1,000.00 statutory damages for the named Plaintiffs, as well as an aggregate award of additional statutory damages up to the lesser of $500,000 or 1 percent of each Defendants' net worth for all remaining Class Members, declaratory and injunctive relief, as well as an award of attorneys' fees, and costs should Plaintiffs prevail in this matter against the Defendants.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 U.S.C., SECTION 1692d

104.    Plaintiffs re-allege paragraphs one (1) through one hundred three (103), as if fully restated herein and further state as follows:

105.    Defendants are subject to, and have violated the provisions of, 15 United States Code, Section 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiffs in connection with the collection.

106.    Specifically, Defendants take advantage of Plaintiffs and Class Members, unsophisticated debtors in default on their debts, intimating to them that the debts they attempt to collect are legitimate and, legally capable of "settlement" or being "settled."

107.    Defendants use of the word "settle" and/or "settlement" as used in the Form

25

Letters intimates to Plaintiffs and Class Members — least sophisticated debtors under the FDCPA — that the debts being collected are legally enforceable and capable of being legally and lawfully liquidated through the courts.

108.    In the Form Letters, Defendants offer Plaintiff and Class Members an out-of-court settlement now — a settlement offer Defendants claim they are not required to renew — in the form of a reduced, lump-sum payment or through low, affordable monthly payments.

109.    Defendants do not disclose or advise in the Form Letters, however, that Defendants cannot and will not sue Plaintiffs and Class Members on the debts Defendants are offering to "settle" because the debts are time-barred by the controlling statute of limitations.

110.    Defendants also do not disclose or advise in the Form Letters that if Plaintiffs and Class Members take Defendants up on their offer to "settle" the debts "now," such an action will resuscitate the statute of limitations on any such "settled" debt and allow Defendants to then lawfully collect the balance of any such debts, inside or outside of Florida courts.

111.    Defendants' actions alleged herein oppress and abuse Plaintiff and Class Members in violation of the FDCPA.

112.    As a direct and approximate result of the Defendants' actions, Plaintiffs have sustained damages as defined by 15 United States Code, Section 1692k; Sub-Class Members have also incurred actual damages from paying such unlawful debts and/or incurring costs and legal fees to deal with such unlawfully sent Form Letters.

**COUNT TWO**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 U.S.C., SECTION 1692e, e(2)(A) and e(10)**

113.    Plaintiffs re-allege paragraphs one (1) through one hundred three (103), as if fully restated herein and further state as follows:

114.   Defendants are subject to, and have violated the provisions of, 15 United States Code Section 1692e, e(2)(A) and e(10) by using false, deceptive, or misleading means or representations in attempting to collect the consumer debts.

115.   Specifically, each of Defendants' Form Letters falsely represent the total amount of Plaintiffs' and Class Members' respective debts by including amounts due in the debts that were beyond the applicable statutes of limitation and incapable of lawful collection through a Florida court. Defendant's actions, as described herein, were an unlawful attempt to deceive and mislead Plaintiffs and Class Members into paying debts that were otherwise time-barred.

116.   Further, the act of sending Form Letters that do not advise Plaintiffs and Class Members of the date the transactions giving rise the alleged debt occurred or that do not advise Plaintiffs and Class Members that the alleged debt cannot be legally enforced in a Florida court is a deceptive and misleading representation or means of collecting a debt.

117.   Overall, Defendants' actions in sending the Form Letters to Plaintiffs and Class Members, as alleged herein, constitute the use of false, deceptive, and/or misleading representations or means in attempting to collect Plaintiffs' and Class Members' respective debts.

118.   As a direct and proximate result of Defendants' actions, Plaintiffs and Class Members have sustained damages as defined by and provided for under 15 United States Code, Section 1692k; Sub-Class Members have also incurred actual damages from paying such unlawful debts and/or incurring costs and legal fees to deal with such unlawfully sent Form Letters.

**COUNT THREE:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 U.S.C., SECTION 1692f and 1692f(1)**

119.    Plaintiffs re-allege paragraphs one (1) through one hundred three (103), as if fully restated herein and further state as follows:

120.    Defendants are subject to, and have violated the provisions of, 15 United States Code, Section 1692f and f(1) by using Form Letters that (a) falsely represent the total amount of Plaintiffs' and Class Members' respective debts by including amounts due in the debts that were beyond the applicable statutes of limitation and incapable of lawful collection through court and (b) fail to advise Plaintiffs and Class Members of the date the transactions giving rise the alleged debt occurred or that the alleged debt cannot be legally enforced in court.

121.    Defendants' use of such Form Letters in an attempt to collect debts that were beyond the time period allowed for lawful collection under the applicable statutes of limitations —without disclosure of the same—is unfair and unconscionable as it makes Plaintiffs and Class Members believe that the debts were for valid, collectable debts, capable of lawful collection and "settlement."

122.    Further, Defendants' use of such Form Letters that do not advise Plaintiffs and Class Members of the date of the transactions giving rise to the debt is an unfair means of collecting a debt when those debts are legally unenforceable as time-barred debts.

123.    As a direct and proximate result of Defendants' actions, Plaintiffs and Class Members have sustained damages as defined by and provided for under 15 United States Code, Section 1692k; Sub-Class Members have also incurred actual damages from paying such time-barred Debts and/or incurring costs and legal fees to deal with Defendants' attempts to collect time barred debts through the Form Letters.

28

124.    As a direct and proximate result of Defendants' actions, Plaintiffs and Class Members have sustained damages as defined by and provided for under 15 United States Code, Section 1692k; Sub-Class Members have also incurred actual damages from paying such unlawful debts and/or incurring costs and legal fees to deal with such unlawfully sent Form Letters.

### COUNT FOUR:
### UNFAIR DEBT COLLECTION PRACTICE –
### VIOLATION OF FLORDA STATUTE § 559.72(7)

125.    Plaintiffs re-allege paragraphs one (1) through one hundred three (103), as if fully restated herein and further state as follows:

126.    Defendants are all subject to, and have violated provisions of, Florida Statute, Section 559.72(7) by collecting consumer Debts from Plaintiffs and Class Members through means which can reasonably be expected to abuse or harass Plaintiffs and Class Members.

127.    Specifically, Defendants intentionally included in Form Letters attempting to collect debts amounts as allegedly due that were beyond the applicable statutes of limitation and incapable of lawful collection through a Florida court.

128.    In addition, Defendants intentionally failed to include in Form Letters information regarding the date the debts were allegedly incurred or information regarding the fact the debts were not legally enforceable in a Florida court.

129.    Finally, Defendants failed to advise Plaintiffs and Class Members that, despite their out of court effort to collect the debt, Defendants would not sue Plaintiffs and Class Members if they failed to pay the alleged debt due to its age.

130.    Defendants' actions, as described herein, were an unlawful attempt to deceive and mislead Plaintiffs and Class Members into paying debts that were otherwise time-barred by the applicable statute of limitations.

131.    Through their attempts to collect the debts from Plaintiffs and Class Members using the Form Letters, Defendants intentionally harassed, oppressed, or abused Plaintiffs and Class Members into paying amounts that Defendants would otherwise be unable to collect through legal proceedings in a Florida court.

132.    This conduct, which operates only to the benefit of Defendants, and is a departure from conduct undertaken by Defendants' lawful competition, is a willful and flagrant violation of the Florida Consumer Collections Practices Act as a means to collect a Debt, and constitutes harassment and abuse under Florida Statute, Section 559.72(7), Florida Statutes.

133.    As a direct and proximate result of Defendants' actions, Plaintiffs and Class Members are entitled to statutory damages as defined by Florida Statute, Section 559.77, actual damages, and attorneys' fees and costs.

**COUNT FIVE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)**

134.    Plaintiffs re-allege paragraphs one (1) through one hundred three (103), as if fully restated herein and further states as follows:

135.    Defendants are subject to, and have violated the provisions of, Florida Statutes, Section 559.72(9) by collecting debts from Plaintiffs and Class Members by (a) attempting to enforce, in part, debts Defendants knew were not legitimate; and/or (b) asserting the existence of a legal right with knowledge that such right does not exist.

136.    Specifically, Defendants, in their respective Form Letters, attempted to enforce, in part, debts Defendants knew was not legitimate by demanding payment of amounts that were beyond the applicable statutes of limitation and incapable of lawful collection through a Florida court.

137.    In addition, Defendants asserted the existence of a legal right with knowledge that such right does not exist through the use of Form Letters that (a) demanded payment of amounts that were beyond the applicable statutes of limitation and incapable of lawful collection through court and (b) failed to advise Plaintiffs and Class Members of the date the transactions giving rise the alleged debt occurred or that the alleged debt could not be legally enforced in court due to the passage of time.

138.    As a direct and proximate result of Defendants' actions, Plaintiffs and Class Members are entitled to statutory damages as defined by Florida Statutes, Section 559.77, as well as actual damages, and attorneys' fees and costs.

## COUNT SIX:
## DECLARATORY AND INJUNCTIVE RELIEF

139.    Plaintiffs re-allege paragraphs one (1) through one hundred three (103) as if fully restated herein and further state as follows:

140.    Unless the Defendants are immediately enjoined from continuing to attempt to collect from Plaintiffs and Class Members in violation of the FCCPA and FDCPA, Plaintiffs and Class Members will suffer irreparable injury.

141.    Plaintiffs and Class Members have no adequate remedy at law.

142.    Plaintiffs and Class Members have a clear legal right to the protections of the FCCPA and FDCPA with regard to Defendants' unfair, deceptive, and violative consumer collection practices.

143.    Further, at all times material, by virtue of the business relationships between the parties, Defendants, each owed a duty to the public and to all parties with whom they communicated to accurately and completely convey information in all matters, and specifically about Plaintiffs' and Class Members' their respective rights under the FDCPA and, Defendants' inability to continue to collect against Plaintiff and Class Members in an effort to collection their respective debts.

144.    Defendants breached these duties by making false, deceptive, misleading, and incorrect material statements in the Form Letters.

145.    Given Defendants' conduct and their apparent intention and ability to continue to collect the Debts directly from Plaintiff and Class Members in violation of said debt collection laws, Plaintiffs and Class Members have no adequate remedy at law.  Plaintiffs and Class Members need and are entitled to injunctive relief.

146.    The requested injunction is reasonably necessary to protect the legal rights of Plaintiffs and Class Members and will have no adverse effect on the public welfare.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs and Class Members respectfully request the following relief:

a.     An Order certifying the Classes requested herein, appointing Plaintiffs as class representatives to act on behalf of the Classes and appointing their attorneys as counsel for the Classes;

b.     Declaring that communications, such as in the Form Letters, violate the FCCPA and FDCPA;

c.     Declaring that the Defendants violated the FCCPA;

d.     Declaring that the Defendants violated the FDCPA;

32

e.    Awarding maximum statutory damages allowed under the FCCPA;

f.    Awarding maximum statutory damages allowed under the FDCPA;

g.    Awarding actual damages, allowed under both the FDCPA and the FCCPA, for Class Members who have paid any part of a time-barred debts to Defendants due to Defendants' use of the Form Letters;

h.    Ordering injunctive relief, including permanently enjoining Defendants from further engaging in the same debt collection activities in violation of the FCCPA, namely the continued use of the Form Letters;

i.    Awarding Plaintiffs and Class Members attorneys' fees and costs; and

j.    Any other such relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiffs hereby give notice to Defendants and demand that Defendants and their affiliates safeguard all relevant evidence – paper, electronic documents or data – pertaining to this potential litigation as required by law.

Respectfully Submitted,

**LEAVENLAW**

**J. Andrew Meyer, Esq., FBN 0056766**
**Ian R. Leavengood, Esq., FBN 10167**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
ameyer@leavenlaw.com
ileavengood@leavenlaw.com

*Attorneys for Plaintiffs and Class Members*

33